UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INICE WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 4:04CV1349-DJS |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On August 27, 2002, plaintiff Deborah Inice Walker applied for Disability Insurance Benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, claiming that she had been disabled. Plaintiff claims that her disability began on March 5, 2002, as a result of a partially torn ankle tendon. Her applications were denied on initial consideration by the Social Security Administration and plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ, after a hearing, denied plaintiff's claim for benefits. Plaintiff's request for a review before the Appeals Council was denied on August 2, 2004. Therefore, the ALJ's determination stands as the final decision of the Commissioner. 42 U.S.C. § 405(g).

Plaintiff filed this action challenging the decision of the Commissioner on October 4, 2004, and the matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C § 636(b)(1).

The magistrate judge issued his Report and Recommendation ("R&R") on February 14, 2006, recommending that the final decision of the Commissioner denying social security benefits be affirmed. This matter now comes before the Court on plaintiff's objection to the magistrate judge's R&R.

The Court, pursuant to 28 U.S.C. § 636(b), reviews de novo those portions of the report and recommendation to which objections are made. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). In this case, plaintiff has made one objection to the report and recommendation. Plaintiff contends that the ALJ improperly relied on a vocational expert's classification of plaintiff's former occupation as that of an expediter, pursuant to the Dictionary of Occupational Titles ("DOT").

The scope of the Court's review of the final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The Commissioner's decision is conclusive if supported by substantial evidence on the record as a whole. Richardson v. Perales, 402 U.S. 389, 401 (1971); Eichelberger v. Barnhart, 390 F.3d 584, 589 (8th Cir. 2005). Substantial evidence on the record as a whole is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support the conclusion. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). In making this determination, the Court will consider the entire record, including

the evidence that supports the ALJ's decision as well as evidence that detracts from it.  Id.  However, the Court will not reverse merely because substantial evidence may support a different outcome, so long as substantial evidence exists to support the ALJ's decision.  Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004).

## Discussion

After reviewing the entire record, as well as the plaintiff's objection, the Court finds that substantial evidence, on the record as a whole, does not support the decision of the ALJ and that plaintiff's objection to the R&R should be sustained.[1] Further analysis of the issues raised by plaintiff's objection follows.

In a disability insurance benefits case, the burden is on plaintiff to prove that he or she has a disability.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001).  Under the Social Security Act, a disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§

---

[1] As further explained below, plaintiff did not provide the magistrate judge with the full scope of her argument for reversal of the Commissioner's adverse decision.  A critical piece of plaintiff's challenge to the denial of benefits is provided for the first time in support of her objections to the magistrate judge's R&R.

423(d)(1)(A) and 1382c(a)(3)(A). Additionally, plaintiff will be found to have a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B); see also Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The Commissioner has promulgated regulations outlining a five-step process to guide an ALJ in determining whether an individual is disabled. First, the ALJ must determine whether the individual is engaged in "substantial gainful activity." If she is, then she is not eligible for disability benefits. 20 C.F.R. § 404.1520(b). If she is not, the ALJ must consider step two which asks whether the individual has a "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If plaintiff is not found to have a severe impairment, she is not eligible for disability benefits. If plaintiff is found to have a severe impairment, the ALJ proceeds to step three in which he must determine whether the impairment meets or is equal to one determined by the Commissioner to be conclusively disabling. If the impairment is specifically listed or is equal to a listed impairment, plaintiff will be found disabled. 20 C.F.R. §

4

404.1520(d).  If the impairment is not listed or is not the equivalent of a listed impairment, the ALJ moves on to step four which asks whether the claimant is capable of doing past relevant work.  If the claimant can still perform past work, she is not disabled.  20 C.F.R. § 404.1520(e).  If the claimant cannot perform past work, the ALJ proceeds to step five in which the ALJ determines whether the claimant is capable of performing other work in the national economy.  In step five, the ALJ must consider the claimant's "age, education, and past work experience."  Only if a claimant is found incapable of performing other work in the national economy will she be found disabled.  20 C.F.R. § 404.1520(f); see also Bowen, 482 U.S. at 140-41 (explaining five-step process).

The ALJ found that plaintiff met the disability insured status requirements on March 5, 2002, the alleged onset date of disability, and continues to meet them through December 2006.  The ALJ found that plaintiff has not engaged in substantial gainful activity since the onset date of disability.  The ALJ found that the medical evidence establishes that plaintiff has severe impairments of residuals of a partial tear of her Achilles tendon and diabetes mellitus, but that her medically determinable impairments do not meet or equal one of the listed impairments set forth in Appendix 1, Subpart P, Regulations No. 4.  The ALJ opined that plaintiff's and plaintiff's daughter's allegations of

disabling symptoms precluding all substantial gainful activity are not consistent with the evidence and are not fully credible. The ALJ further found that plaintiff has the residual functional capacity to perform work except for work that involves lifting over ten pounds or standing and walking more than two hours in an eight-hour workday. The ALJ further found that plaintiff can sit for six hours in an eight-hour workday, cannot be required to walk over one-third of a block at a time, and should have the option to sit or stand at will. The ALJ determined that plaintiff is able to perform her past relevant work as an expediter/dispatcher. The ALJ opined that plaintiff had not been under a disability at any time through the date of his decision and is not entitled to a period of disability or disability insurance benefits. The ALJ did not reach step five and consider whether the claimant is capable of performing other work in the national economy.

Plaintiff argues that the ALJ's decision is not supported by substantial evidence on the record as a whole because the ALJ erred by finding that plaintiff could perform her past relevant work as an expediter based on a vocational expert's testimony. At a hearing before the ALJ, plaintiff was asked to describe one of her previous employment positions, which she characterized as a dispatcher. Plaintiff stated that she routed materials to different departments by placing the appropriate boxes on the appropriate conveyor belts. The vocational expert classified this

position as an expediter.  According to DOT § 222.367-018, the job of an expediter generally performs the following functions,

> Contacts vendors and shippers to ensure that merchandise, supplies and equipment are forwarded on specified shipping date: Contacts vendor by mail, phone, or visit to verify shipment of goods on specified date. Communicates with transportation company to preclude delays in transit.  May arrange for distribution of materials upon arrival.  May contact vendors to requisition materials. May inspect products for quality and quantity to ensure adherence to specifications.

DOT § 222.367-018. While the Court recognizes that "the DOT itself cautions that its description may not coincide in every respect with the content of the jobs as performed in particular establishments or at certain localities," Wheeler v. Apfel, 224, F.3d 891, 897 (8th Cir. 2000), it does not appear that plaintiff performed any of the functions described in the DOT.  Plaintiff asserted in her initial brief before this Court [Doc. #10] that the vocational expert erroneously determined that the closest classification in the DOT was that of an expediter.  However, plaintiff's brief did not provide the Court with an alternate classification for plaintiff's former job which more closely approximates plaintiff's position.

It was not until after the issuance of the R&R, that plaintiff in her objection to the R&R finally brought an alternate classification under the DOT to the Court's attention.  Plaintiff asserts that the DOT description of a conveyor belt package sorter position, DOT § 222.687-022, is a much closer approximation of

7

plaintiff's job. The DOT describes the sorter position as one who "[r]eads delivery or route numbers marked on articles or delivery slips, or determines locations of addresses indicated on delivery slips using charts [and] [p]laces or stacks articles in bins designated according to route, driver, or type." DOT § 222.687-022. The Court finds the position of a conveyor belt package sorter to be a much closer approximation of plaintiff's former job.

In determining whether a claimant retains the capacity to perform prior work, the ALJ may either examine whether claimant can perform "the actual functional demands and job duties of a particular past relevant job" or whether she retains the residual functional capacity to perform "the functional demands and job duties of the occupation as generally required by employers throughout the national economy." Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990) (citations omitted). The ALJ found that plaintiff has "the residual functional capacity to perform work except for work that involves lifting over ten pounds or standing and walking more than two hours in an eight-hour workday." (T.R. 14.) When asked whether plaintiff could perform her prior job as an expediter/dispatcher if plaintiff cannot lift more than ten (10) pounds, the vocational expert testified that plaintiff could perform the expediter position as described in the DOT, but not as described by plaintiff in the hearing before the ALJ. (T.R. 322.)

8

As discussed above, the closest approximation of plaintiff's former position in the DOT is not an expediter.

While the expediter position per the DOT does not require plaintiff to lift more than ten (10) pounds, the more appropriate classification of plaintiff's previous job -- the conveyor belt package sorter position -- does, requiring the ability to lift twenty (20) pounds. DOT § 222.687-022. Incorrect testimony from a vocational expert does not constitute substantial evidence to support the ALJ's determination. See Porch v. Chater, 115 F.3d 567, 572 (8th Cir. 1997). Because it appears that plaintiff cannot perform the actual functional demands and job duties of the her former job, nor can she perform the functional demands and job duties of the occupation as generally required by employers throughout the national economy, substantial evidence does not support the ALJ's determination that plaintiff retains the capacity to perform prior work.

"If the Commissioner finds that the claimant . . . [is] unable to perform his or her past work, the Commissioner must determine whether there is any substantial gainful activity in the national economy that the claimant can perform. The Commissioner has the burden to show that the claimant can perform other work." Porch, 115 F.3d at 571 (citations omitted). The ALJ did not reach and perform this step in the disability analysis. Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment

affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." The Court will reverse the Commissioner's decision and remand this matter for the ALJ to examine the fifth step of the analysis, namely whether plaintiff is capable of performing other work in the national economy.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's objection to the report and recommendation of the United States Magistrate Judge [Doc. #19] is sustained.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [Doc. #18] is rejected.

Dated this \_\_\_\_14th\_\_\_\_ day of March, 2005.

                                          /s/Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE